OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion "for an order * * * correcting, clarifying and modifying portions of the decision of the Honorable Arthur Wachtel, dated June 22, 1987.” Judge Wachtel is a Judicial Hearing Officer to whom this matrimonial proceeding was referred, on stipulation of the parties, "to hear and determine.”
While the moving papers deny that they seek "to reargue the Court’s decision on the issues of equitable distribution”, it is clear that, if this is not a motion for reargument, at the very least it is a motion to resettle an order or judgment; and *67 as there seems to be neither order nor judgment, I must conclude that it is, despite the moving attorneys’ protestations to the contrary, a reargument motion.
The opposing papers give a variety of reasons why reargument should not be had, none of which will be addressed by me. On oral argument, I raised the question of whether the motion should be referred to Judge Wachtel or should be decided by me.
The powers of a Judicial Hearing Officer who has been designated to hear and determine are coextensive with the powers of a Referee to determine (CPLR 4301). That statute gives to the Judicial Hearing Officer, with exceptions not relevant to this case, "all the powers of a court”. Judgment upon the determining decision of a Judicial Hearing Officer "shall be entered by the clerk as directed” in the decision (CPLR 5016 [c]). It follows, therefore, that review of the decision of a Judicial Hearing Officer who has been designated to hear and determine is taken directly to the Appellate Division of the Supreme Court (CPLR 5701 [a]).
It thus appears that for at least two reasons this court should not entertain the motion but should refer it to Judge Wachtel:
a. For this court to consider this motion for reargument would be in the nature of a review of the determination of the Judicial Hearing Officer, a review which may only be undertaken by the Appellate Division;
b. The Judicial Hearing Officer who is authorized to hear and determine is, for the purposes of that case, a Justice of the Supreme Court with all of a Justice’s powers. Under such circumstances, CPLR 2221 should and does apply requiring the reargument be made "to the judge who signed the order”.
Does the Judicial Hearing Officer’s authority continue after he has made and filed his decision? In my opinion, there is for this purpose little difference between an acting Justice of the Supreme Court and a Judicial Hearing Officer; and consequently he does. (Cf., Prudential Lines v Firemen’s Ins. Co., 109 Misc 2d 281.)
For the foregoing reasons, this motion is respectfully referred to the Honorable Arthur Wachtel.