■ ROBERT A. MUIR, JR., et al., Appellants, v WALTER CUNEO, Respondent, et al., Defendants. [676 NYS2d 486] —In an action, *inter alia,* for a judgment declaring the rights and liabilities of the respective parties pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated October 29, 1996, as, upon granting their motion for reargument of issues determined in an amended decision of a Referee, (1) confirmed the amended deci-

sion, and (2) denied that branch of their motion which was to vacate the amended decision and to direct a new hearing.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is referred to the Referee for determination.

Contrary to the appellants' contention, the reference in this action was clearly one to hear and determine (*see,* CPLR 4301) rather than to hear and report (*see,* CPLR 4201). Consequently, the Referee possessed "all the powers of a court in performing a like function" (CPLR 4301), and his amended decision "shall stand as the decision of a court" (CPLR 4319). Accordingly, the application of the appellants to reargue the substantive issues decided by the Referee should have been directed to the Referee for resolution, and the Supreme Court had no authority either to entertain reargument of the merits or confirm the Referee's amended decision (*see, Lipton v Lipton,* 128 Misc 2d 528, *affd* 119 AD2d 809; *Buxbaum v Buxbaum,* 118 Misc 2d 348). Once judgment is entered on the Referee's amended decision (*see,* CPLR 5016 [c]), the Referee's determination may be reviewed upon an appeal from the judgment (*see, Colodner v Colodner,* 138 Misc 2d 66). Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.