■ TRI-STATE CONSUMER, INC., Appellant, v MINTZ & GOLD, LLP, Respondent. [846 NYS2d 199]—In an action to recover damages for conversion, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered October 31, 2005, as granted that branch of the defendant's motion which was to dismiss the complaint for fail-

ure to state a cause of action. Motion by the defendant, inter alia, to dismiss the appeal on the ground that it is academic and to impose costs and/or sanctions upon Dean Hart, the individual allegedly prosecuting the appeal in the name of the appellant, and Steven Cohn, P.C., pursuant to 22 NYCRR 130.1-1 (c). By decision and order on motion of this Court dated March 3, 2006, those branches of the motion which were to dismiss the appeal as academic and to impose sanctions were held in abeyance and were referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal as academic is granted; and it is further,

Ordered that the appeal is dismissed, with costs to the defendant; and it is further,

Ordered that the branch of the motion which is to impose costs and/or sanctions upon Dean Hart, the individual allegedly prosecuting the appeal in the name of the appellant, and Steven Cohn, P.C., is granted to the extent that the parties and/or their counsel are directed to show cause why an order should or should not be made and entered imposing such costs and/or sanctions, if any, including appellate counsel fees, against Dean Hart, the individual allegedly prosecuting the appeal in the name of the appellant, and Steven Cohn, P.C., pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by each filing an original and four copies of a supplemental affirmation or affidavit on that issue, including the amounts of the legal fees incurred by the respondent in connection with this appeal, with the Clerk of this Court and by serving one copy of the same on the other party on or before December 7, 2007 and the branch of the motion is otherwise held in abeyance; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

Since the funds that are the subject of this action have been paid back in full pursuant to a stipulation, any determination by this Court will not affect the rights of the parties. The matter does not warrant invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Accordingly, we grant that branch of the motion which is to dismiss the appeal as academic.

Additionally, it would appear that the entire appeal is frivo-

lous within the meaning of 22 NYCRR 130-1.1, as the appeal was filed after the contested funds had already been recovered (see *Chu v Green Point Sav. Bank*, 216 AD2d 348 [1995]). Moreover, the appellant's attorneys, including Daniel A. Zimmerman, Esq., of Steven Cohn, P.C., neglected to fulfill their obligation of informing this Court of the stipulation for payment (see *Amherst & Clarence Ins. Co. v Cazenovia Tavern*, 59 NY2d 983 [1983]). Therefore, the parties and/or their attorneys are directed to submit supplemental affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions should or should not be imposed on Dean Hart, the individual allegedly prosecuting the appeal in the name of the appellant, and Steven Cohn, P.C., including the amounts of the legal fees incurred by the respondent in connection with this appeal (see *Matter of One Beacon Ins. Co. v Bloch*, 298 AD2d 522 [2002]). Schmidt, J.P., Crane, Skelos and Lifson, JJ., concur.