■ MURRAY BREIDBART et al., Respondents, v MELVIN L. WIESENTHAL et al., Defendants. MARSHALL G. KAPLAN, Nonparty Appellant. [941 NYS2d 167]—

In an action, inter alia, to compel partnership accountings and a distribution of partnership assets, nonparty Marshall G. Kaplan, the plaintiffs' former attorney, appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 16, 2010, which denied his motion pursuant to CPLR 5016 (c) for leave to enter judgment upon the decision of a Referee (Kurtz, Ct. Atty. Ref.) dated February 13, 2009.

Ordered that the order is affirmed, with costs.

In an order of reference dated October 2, 2008, the Supreme Court referred to a Referee to hear and report on the issue of whether the plaintiffs' former attorney (hereinafter the appellant) had a charging lien on the plaintiffs' recovery pursuant to Judiciary Law § 475. On December 2, 2008, the appellant and the plaintiffs' new counsel appeared before the Referee and stipulated that the Referee could determine the issue. After the hearing, the Referee issued a determination dated February 13, 2009, finding that the appellant had not been discharged for cause and, thus, had a charging lien on the plaintiffs' recovery in the principal sum of $81,354.52. Thereafter, the appellant moved pursuant to CPLR 5016 (c) for leave to enter a judgment upon the Referee's determination. The Supreme Court denied the motion on the ground that it was premature, as the Referee's determination had not yet been confirmed pursuant to CPLR 4403. We affirm the denial of the motion, but on different grounds.

As the parties stipulated that the issue of the charging lien could be determined by the Referee (*see* CPLR 4317 [a]), the Supreme Court could not review the Referee's determination (*see Muir v Cuneo*, 251 AD2d 638, 639 [1998]; *Colodner v Colodner*, 138 Misc 2d 66, 67 [1987]). Accordingly, confirmation pursuant to CPLR 4403 was not required. Instead, a judgment upon decision must be entered pursuant to CPLR 5016 (c). However, as the relief granted was not for an award of damages

or costs, but for the recognition of a charging lien, which attaches pursuant to Judiciary Law § 475 to any final order or settlement in the plaintiffs' favor (*see Nassour v Lutheran Med. Ctr.*, 78 AD3d 671 [2010]; *Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc.*, 41 AD3d 367, 370 [2007]), the Referee, rather than the Supreme Court, must, on motion, determine the form of the judgment (*see* CPLR 5016 [c]; *see also* 4301). In the absence of any basis for the Supreme Court to have given effect to the Referee's decision pursuant to CPLR 9002, the appellant was required to make the instant motion returnable before the Referee who made the underlying determination.

Only after judgment is properly entered on the decision may the Referee's determination be reviewed on appeal from the judgment (*see Muir v Cuneo*, 251 AD2d at 639; *Colodner v Colodner*, 138 Misc 2d at 67). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.