In the Matter of SHARI HARRIS et al., Petitioners, v CITY OF MOUNT VERNON, Respondent. [951 NYS2d 895]—

In the instant proceeding pursuant to CPLR article 78, the petitioners challenge the determination of the City of Mount Vernon terminating their employment. The Supreme Court, Westchester County, referred the issues of the petitioners' "employment status at the time of their termination and . . . whether any of them were required to exhaust any administrative remedies under the Civil Service Law prior to commencing this Article 78 proceeding" to a Judicial Hearing Officer (hereinafter JHO) to hear and determine (see CPLR 7804 [h]).

The JHO issued a determination dated July 12, 2010, wherein he found that none of the petitioners had a right to a post-termination hearing under the Civil Service Law and, thus, that they did not have any duty to exhaust administrative remedies. The JHO also found that none of the petitioners was a policymaking employee and, thus, that they could not be fired merely for political reasons. Further, the JHO determined that all of the petitioners were fired for political reasons.

Thereafter, the City filed "objections" to the JHO's determination. Specifically, the City objected to the JHO's determination that none of the petitioners was a policymaking employee. Additionally, the City asserted that the JHO went beyond the scope of the order of reference by determining that the petitioners were fired for political reasons.

In response to the City's "objections," the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g), on the ground that it "raises the substantial evidence issue specified in CPLR 7803 (4)."

The Supreme Court erroneously transferred the proceeding to this Court pursuant to CPLR 7804 (g), since the challenged determinations, relating to the termination of the petitioners'

employment, were not "made as a result of a hearing" (CPLR 7803 [4]). Moreover, the administrative record is not sufficient for this Court to decide the entire proceeding on the merits in the interest of judicial economy (*cf. Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772-773 [2005]). We note that, although it is proper for the Supreme Court to determine the issue of whether the JHO acted "beyond and in excess of his jurisdiction" (*Lipton v Lipton*, 128 Misc 2d 528, 531 [1985], *affd* 119 AD2d 809 [1986]), any motion for reconsideration of the substantive issues decided by the JHO must be directed to the JHO for resolution (*see Muir v Cuneo*, 251 AD2d 638, 639 [1998]; *Colodner v Colodner*, 138 Misc 2d 66, 67 [1987]; *Lipton v Lipton*, 128 Misc 2d at 534). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for further proceedings. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.