■ MARIA CURET, Appellant, v DEKALB REALTY, LLC, Respondent. [8 NYS3d 340]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated October 1, 2012, which granted the defendant's motion to vacate a judgment of the same court dated March 20, 2012, which was in favor of the plaintiff and against the defendant in the principal sum of $750,000, and for an award of an attorney's fee.

Ordered that the order is affirmed; and it is further;

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing additional sanctions and/or costs, if any, including appellate counsel fees, against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the defendant in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before April 11, 2015; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced two actions to recover damages for personal injuries allegedly arising from her fall down an interior stairway of the premises located at 879 DeKalb Avenue in Brooklyn. The first action was commenced under index No. 8622/09 against the defendant, DeKalb Realty, LLC (hereinafter DeKalb). The second action was commenced under index No. 30038/10, against, among others, PAC Builders & Developers Inc. (hereinafter PAC), and Pericles A. Christodoulou (hereinafter Pericles).

The plaintiff moved in June 2011 for leave to enter a default judgment against PAC and Pericles in the action commenced under index No. 30038/10. The motion was on the calendar in the "Kings County Default Judgment Part" on August 15, 2011. When no defendant appeared in that part in opposition to the motion, the motion was granted, and the plaintiff's counsel drafted an order directing the entry of a default judgment against DeKalb (hereinafter the default judgment order), even though DeKalb was not a party to that action. The record contains two copies of the handwritten default judgment order dated August 15, 2011. Both copies name DeKalb as the defendant, recite that an inquest will be held on December 12, 2011, and denominate 8622/2009 as the index number. In one copy, that index number is crossed out, and 30038/10 is written in by hand. On December 12, 2011, although the action commenced under index No. 30038/10 was the action on the "Supreme Court—Civil Term—Kings, Pre-Trial Calendar," the plaintiff obtained an order after an inquest against DeKalb in the action commenced under index No. 8622/09. A judgment dated March 20, 2012, was entered against DeKalb in the principal sum of $750,000. DeKalb moved to vacate the judgment, and the plaintiff opposed the motion. The Supreme Court, inter alia, granted DeKalb's motion, vacated the judg-

ment, and awarded DeKalb an attorney's fee. The plaintiff appeals.

Under the circumstances of this case, the Supreme Court properly vacated the judgment against DeKalb (*see* CPLR 5015 [a]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). The record establishes that a default judgment was entered against DeKalb in an action in which it was not even a party, based on the error of the plaintiff's counsel in drafting the default judgment order. Accordingly, the judgment against DeKalb was clearly improper (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 68).

Furthermore, the Supreme Court providently exercised its discretion in granting that branch of DeKalb's motion which was for an award of an attorney's fee. A court, "in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [a]). Here, the plaintiff's conduct in opposing DeKalb's motion to vacate the judgment was frivolous, as the arguments advanced in opposition to the motion were "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). While the plaintiff attempts to blame court personnel for writing an incorrect index number on the default judgment order, the record is clear that the plaintiff's counsel erred in drafting the default judgment order against DeKalb, and that court personnel merely crossed out the incorrect index number and wrote in the correct index number.

Additionally, since the plaintiff is advancing the same arguments on appeal as advanced in the Supreme Court, this appeal appears to be frivolous within the meaning of 22 NYCRR 130-1.1 (*see Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 963 [2010]; *Tri-State Consumer, Inc. v Mintz & Gold, LLP*, 45 AD3d 575, 576-577 [2007]). Therefore, counsel for the respective parties are directed to submit affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions should or should not be imposed on the plaintiff's counsel, including the amounts of the legal fees incurred by DeKalb in connection with this appeal (*see Tri-State Consumer, Inc. v Mintz & Gold, LLP*, 45 AD3d at 577).

The parties' remaining contentions are without merit. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.