■ MARIA CURET, Appellant, v DEKALB REALTY, LLC, Respondent. [8 NYS3d 342]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated August 16, 2013, which denied her motion pursuant to CPLR 5519, in effect, to stay the enforcement of an order of the same court dated December 10, 2012, .awarding the defendant an attorney's fee in the sum of $7,012.50.

Ordered that the order is affirmed; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the defendant in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before April 11, 2015; and it is further,

Ordered that one bill of costs is awarded to the defendant.

As set forth in the companion appeal (see Curet v DeKalb Realty, LLC, 127 AD3d 914 [2015] [decided herewith]), the conduct of the plaintiff's counsel in opposing the defendant's motion to vacate a judgment that was improperly entered against it was frivolous. In moving pursuant to CPLR 5519, in effect, to stay the enforcement of an order dated December 10, 2012, which awarded the defendant an attorney's fee in the sum of $7,012.50, the plaintiff advanced the same frivolous arguments that were advanced in opposition to the defendant's motion to vacate the improper judgment. Accordingly, the Supreme Court properly denied the plaintiff's motion.

Since the arguments raised in support of the plaintiff's motion to stay enforcement of the order awarding an attorney's fee to the defendant were frivolous, as they were "completely without merit in law and [could not] be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c]), and since the plaintiff has created unnecessary litigation by repeatedly raising these arguments both before the Supreme Court and on this appeal, this appeal appears to be frivolous within the meaning of 22 NYCRR 130-1.1 and the imposition of sanctions may be appropriate for the prosecution of this appeal (see Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 963 [2010];

*Tri-State Consumer, Inc. v Mintz & Gold, LLP*, 45 AD3d 575, 576-577 [2007]). Therefore, counsel for the respective parties are directed to submit affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions should or should not be imposed on the plaintiff's counsel, including the amounts of the legal fees incurred by the defendant in connection with this appeal (*see Tri-State Consumer, Inc. v Mintz & Gold, LLP*, 45 AD3d at 577).

The defendant's remaining contention is without merit. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.