■ JAMES BAUER et al., Plaintiffs, v SPECIAL BRANDS NY, INC., et al., Defendants. WILLIAM PAGER, Nonparty Appellant; LAW OFFICE OF YURIY PRAKHIN, P.C., Nonparty Respondent. [31 NYS3d 132]—

In an action to recover damages for personal injuries, nonparty William Pager appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Rothenberg, J.), dated July 7, 2014, which, inter alia, granted that branch of the cross motion of the nonparty Law Office of Yuriy Prakhin, P.C., which was to vacate a prior order of the same court dated August 15, 2013, rejecting the determination of a court attorney referee (Sunshine, Ct. Atty. Ref.), dated April 4, 2013, dividing legal fees between the nonparties.

Ordered that the order dated July 7, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that on the Court's own motion, the nonparty appellant and the nonparty respondent are directed to show cause

why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the nonparty-appellant pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the nonparty respondent in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before May 27, 2016; and it is further,

Ordered that one bill of costs is awarded to the nonparty respondent.

This appeal concerns the division of legal fees between successive attorneys for the plaintiffs in an underlying personal injury action. In an order of reference, which was made on consent, the Supreme Court referred the matter to a court attorney referee (hereinafter the referee) to hear and determine the division of legal fees between William Pager, the plaintiffs' outgoing attorney, and the Law Office of Yuriy Prakhin, P.C. (hereinafter Prakhin), the plaintiffs' incoming attorney. After a hearing, the referee determined the division of legal fees between Pager and Prakhin. Pager subsequently made a motion to the Justice who had referred the matter to the referee, seeking, among other things, an order rejecting the referee's determination. In an order dated August 15, 2013, the Supreme Court granted that branch of Pager's motion and rejected the referee's determination.

Pager subsequently moved for an order directing the referee to conduct a new hearing. Prakhin cross-moved, inter alia, to vacate the Supreme Court's order dated August 15, 2013, arguing that the court had improperly rejected the referee's determination since the matter had been referred to the referee to hear and determine the issue rather than to hear and report on it. In an order dated July 7, 2014, the Supreme Court, among other things, vacated its order dated August 15, 2013, and denied Pager's motion for an order directing the referee to conduct a new hearing. Pager appeals, arguing that the referee's division of legal fees was inequitable.

Inasmuch as the order of reference, which was made on consent, directed the referee to hear and determine (*see* CPLR 4301), rather than to hear and report on (*see* CPLR 4201), the division of legal fees, the referee possessed "all the powers of a court in performing a like function" (CPLR 4301), and the referee's determination of that issue stands as the decision of a court (*see* CPLR 4319; *Muir v Cuneo*, 251 AD2d 638, 639

[1998]). Consequently, the Supreme Court lacked the authority to review the referee's substantive determination, and any attempt to reargue the substantive issue decided by the referee should have been directed to the referee for resolution (*see Alleyne v Grant*, 124 AD3d 569, 569 [2015]; *Matter of Harris v City of Mount Vernon*, 99 AD3d 905, 906 [2012]; *Breidbart v Wiesenthal*, 93 AD3d 753, 753 [2012]; *Tornheim v Tornheim*, 297 AD2d 341, 341 [2002]; *Muir v Cuneo*, 251 AD2d at 639). Accordingly, the court properly granted that branch of Prakhin's cross motion which was to vacate the order dated August 15, 2013, and properly denied Pager's motion for an order directing the referee to conduct a new hearing.

Additionally, we note that in taking this appeal, Pager argues only that the referee's substantive determination as to the division of legal fees was inequitable. Pager's failure to even address the sole issue determined by the order appealed from—whether the Supreme Court had the authority to review the referee's determination—indicates a lack of good faith in pursuing this appeal. Since Pager's conduct appears to be frivolous within the meaning of 22 NYCRR 130-1.1 (c), the imposition of sanctions for the prosecution of this appeal may be appropriate (*see e.g. Curet v DeKalb Realty, LLC*, 127 AD3d 916, 917 [2015]; *Gihon, LLC v 501 Second St., LLC*, 103 AD3d 840, 842-843 [2013]). Therefore, Pager and Prakhin are directed to submit affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions should or should not be imposed on Pager, including the amounts of the legal fees incurred by Prakhin in connection with this appeal (*see Tri-State Consumer, Inc. v Mintz & Gold, LLP*, 45 AD3d 575, 577 [2007]). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.