Bank of Am., N.A. v Greenfeld (2022 NY Slip Op 01982)





Bank of Am., N.A. v Greenfeld


2022 NY Slip Op 01982


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-13588
 (Index No. 507168/15)

[*1]Bank of America, N.A., respondent,
v
Joseph Greenfeld, appellant, et al., defendants.


Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Jason R. Lipkin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Greenfeld appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 2, 2019. The order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report made after a hearing to determine the validity of service of process on the defendant Joseph Greenfeld, denied that branch of that defendant's cross motion which was to reject the referee's report, and denied that defendant's prior cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Joseph Greenfeld (hereinafter the defendant). In September 2016, the plaintiff moved, inter alia, for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court referred the issue of whether the defendant was validly served with process to a referee to hear and report. After a hearing to determine the validity of service of process, the referee issued a report recommending that the court find that service of process was validly effectuated on the defendant pursuant to CPLR 308(2).
Thereafter, the plaintiff moved to confirm the referee's report, and the defendant cross-moved, inter alia, to reject the referee's report. In an order dated September 2, 2019, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report, denied that branch of the defendant's cross motion which was to reject the referee's report, and denied the defendant's prior cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The defendant appeals.
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Bank of Am., N.A. v Genzler, 188 AD3d 634, 635 [internal quotation marks omitted]). "As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues [*2]and resolved matters of credibility" (U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1017 [internal quotation marks omitted]; see Everhome Mtge. Co. v Berger, 151 AD3d 811, 812).
Here, the referee's recommendation that the Supreme Court find that service was validly effectuated on the defendant pursuant to CPLR 308(2) was substantially supported by the record. The process server's hearing testimony and the affidavits of service established, prima facie, that the defendant was served with the summons and complaint pursuant to the delivery and mailing requirements set forth in CPLR 308(2) (see State of New York v Konikov, 182 AD3d 750, 752-753; US Bank N.A. v Dedomenico, 162 AD3d 962, 964). The defendant failed to rebut the plaintiff's prima facie showing (see Deutsche Bank Natl. Trust Co. v Lee, 191 AD3d 948; HSBC Bank USA v Archer, 173 AD3d 984). Accordingly, the court properly granted the plaintiff's motion to confirm the referee's report, denied that branch of the defendant's cross motion which was to reject the referee's report, and denied the defendant's prior cross motion to dismiss the complaint insofar as asserted against him.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court