Federal Natl. Mtge. Assn. v Greenfeld (2022 NY Slip Op 02114)





Federal Natl. Mtge. Assn. v Greenfeld


2022 NY Slip Op 02114


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2019-03064
2019-03065
 (Index No. 503048/15)

[*1]Federal National Mortgage Association, respondent,
v
Jehoshea Greenfeld, etc., appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (N. Dean Boyer and Abraham David of counsel), for appellant.
Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, David P. Case, and Rebecca L. Konst], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jehoshea Greenfeld appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 4, 2018, and (2) an order of the same court dated October 3, 2018. The order dated September 4, 2018, insofar as appealed from, upon a decision of the same court (Derefim Neckles, Ct. Atty. Ref.) dated May 23, 2017, made after a hearing, determining that service of process upon the defendant Jehoshea Greenfeld was valid, granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against that defendant, denied that branch of that defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and denied that defendant's motions to reject the determination of the Court Attorney Referee. The order dated October 3, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant Jehoshea Greenfeld and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the order dated September 4, 2018, as granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against the defendant Jehoshea Greenfeld, is dismissed, as that portion of the order was superseded by the order dated October 3, 2018; and it is further,
ORDERED that the order dated September 4, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated October 3, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2015, the plaintiff commenced this action to foreclose a mortgage on certain [*2]residential property in Brooklyn against, among others, the defendant mortgagor Jehoshea Greenfeld (hereinafter the defendant). The defendant did not answer the complaint. The plaintiff moved, inter alia, in effect, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Following a hearing to determine the validity of service of process, in a decision dated May 23, 2017, a Court Attorney Referee determined that service of process upon the defendant was valid. The defendant moved to reject the Court Attorney Referee's determination, and then moved again for the same relief. In an order dated September 4, 2018, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment against the defendant, denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and denied the defendant's remaining motions. In an order dated October 3, 2018, the court, inter alia, granted those branches of the plaintiff's motion which were, in effect, for leave to enter a default judgment against the defendant and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals.
Contrary to the defendant's contention, the Court Attorney Referee did not exceed her authority by determining the issue of whether service of process upon the defendant was valid. "A referee derives his or her authority from an order of reference by the court, and the scope of the authority is defined by the order of reference" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d 749, 750-751 [citation omitted]; see CPLR 4311; Pulver v Pulver, 197 AD3d 672, 674). "A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d at 751; see Petrychenko v Solovey, 177 AD3d 908, 910).
Here, the order of reference, made on consent of the parties, directed the Court Attorney Referee to hear and determine (see CPLR 4301), rather than hear and report on (see id. § 4201), the issue of whether service of process upon the defendant was valid. Accordingly, there is no merit to the defendant's contention that the Court Attorney Referee lacked authority to hear and determine the issue of the validity of service of process (see Matter of Curtis v Alexander, 165 AD3d 928, 929; Bauer v Special Brands NY, Inc., 138 AD3d 1048, 1049; Matter of Islam v Lee, 115 AD3d 952, 953). Further, inasmuch as a motion pursuant to CPLR 4403 to reject the Court Attorney Referee's determination does not lie (see Bauer v Special Brands NY, Inc., 138 AD3d at 1050; Alleyne v Grant, 124 AD3d 569, 569; Tornheim v Tornheim, 297 AD2d 341), the defendant's motions to reject the Court Attorney Referee's determination were properly denied.
"At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence" (Godwin v Upper Room Baptist Church, 175 AD3d 1500, 1501; see Aurora Loan Servs., LLC v Revivo, 175 AD3d 622, 623). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1437 [internal quotation marks omitted]; see Bank of Am., N.A. v Genzler, 188 AD3d 634, 635; cf. Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, the plaintiff met its burden of proving by a preponderance of the evidence that the defendant was validly served by delivering the summons and complaint within the state to a person of suitable age and discretion at the defendant's dwelling place or usual place of abode and by mailing a copy to the defendant at that address (see CPLR 308[2]), and we find no basis to disturb the Court Attorney Referee's finding that the testimony of the two process servers was more credible than that of the defendant (see U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1017-1018; Wells Fargo Bank, NA v Burshstein, 172 AD3d at 1437).
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court