Makmudova v Cohen (2023 NY Slip Op 02655)

Makmudova v Cohen

2023 NY Slip Op 02655

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03350
 (Index No. 521869/16)

[*1]Victoria Makmudova, respondent,
v
Abraham Cohen, appellant.

Tamir Law Group, P.C., New York, NY (Zaki Isaac B. Tamir of counsel), for appellant.
Akin Law Group PLLC, New York, NY (Zafir A. Akin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated February 26, 2020. The order denied the defendant's motion (1) pursuant to CPLR 4403 to reject a decision of the same court (Derefim Neckles, Ct. Atty. Ref.) dated October 15, 2019, made after a hearing, which found that service of process upon the defendant was valid, and (2), in effect, upon renewal, to vacate a judgment of the same court dated December 22, 2017, which, upon an order of the same court dated June 16, 2017, granting the plaintiff's motion for leave to enter a default judgment upon the defendant's failure to appear or answer the complaint, is in favor of the plaintiff and against the defendant in the total sum of $812,468.
ORDERED that the order dated February 26, 2020, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries which she alleged that she sustained when she tripped and fell on stairs leading to the porch of a building owned by the defendant, where she resided as a tenant. It is undisputed that copies of the summons and complaint were left with the security guard of a gated community where the defendant resided, and were thereafter mailed to the defendant's residence. The defendant failed to appear or answer the complaint, and the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and directed an inquest. Following the inquest, a default judgment dated December 22, 2017, was entered in favor of the plaintiff and against the defendant in the total sum of $812,468.
The defendant moved, pro se, to vacate the default judgment, which motion was denied. The defendant thereafter moved, by counsel, among other things, for leave to renew his prior motion to vacate the default judgment and, upon renewal, to grant the prior motion and vacate the default judgment pursuant to CPLR 5015(a)(4) and/or CPLR 5015(a)(1). In an order dated October 25, 2018, the Supreme Court, among other things, granted the defendant leave to renew his prior motion and, upon renewal, granted the defendant's prior motion to the extent of referring the matter to a referee for a traverse hearing.
Following the traverse hearing, the Court Attorney Referee determined that delivery to the security guard, followed by a mailing, constituted valid service of process pursuant to CPLR [*2]308(2). The defendant moved pursuant to CPLR 4403 to reject the decision of the referee and, in effect, upon renewal, to vacate the default judgment. In an order dated October 15, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
Where, as here, a referee was appointed to hear and determine, the referee possesses "all the powers of a court in performing a like function" (CPLR 4301), and the referee's decision "shall stand as the decision of a court" (CPLR 4319; see Seabring, LLC v Elegance Rest. Furniture Corp., 188 AD3d 744, 746). Thus, a motion pursuant to CPLR 4403 to reject the referee's determination does not lie, and the Supreme Court properly denied that branch of the defendant's motion which was to reject the decision of the referee (see Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d 1139, 1141; Bauer v Special Brands NY, Inc., 138 AD3d 1048, 1049-1050).
"At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence" (Godwin v Upper Room Baptist Church, 175 AD3d 1500, 1501). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d at 1142 [internal quotation marks omitted]). "[I]f a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested" (F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797; see Citibank, N.A. v Balsamo, 144 AD3d 964, 965).
At the hearing, the Court Attorney Referee credited the process server's testimony that he was denied access to the defendant's residence by the security guard, and that the security guard accepted service on behalf of the defendant. Since there is no basis to disturb the Court Attorney Referee's finding that the testimony of the process server was more credible than that of the defendant (see Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d at 1142; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1437), the referee's finding that the plaintiff met her burden of proving by a preponderance of the evidence that the defendant was validly served pursuant to CPLR 308(2) shall not be disturbed (see F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d at 797).
The Supreme Court also properly declined to vacate the default judgment pursuant to CPLR 5015(a)(1), as the defendant failed to establish a reasonable excuse for his default (see Ekonomakos v Levy, 211 AD3d 688, 688; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893). Since the defendant failed to demonstrate a reasonable excuse for the default, it was unnecessary for the court to consider whether he established the existence of a potentially meritorious defense (see U.S. Bank N.A. v Pierre, 210 AD3d 929, 930; Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786-787).
The defendant's remaining contention is improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 672; Clement v Durban, 147 AD3d 39, 47, affd 32 NY3d 337).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court