Deutsche Bank Natl. Trust Co. v Bueno (2023 NY Slip Op 06724)

Deutsche Bank Natl. Trust Co. v Bueno

2023 NY Slip Op 06724

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-00283
 (Index No. 28743/10)

[*1]Deutsche Bank National Trust Company, etc., plaintiff,
v
Alexander Bueno, respondent, et al., defendants; Kings WB5, LLC, nonparty-appellant.

Wolf & Associates, PLLC, Brooklyn, NY (Martin Wolf of counsel), for nonparty-appellant.
Auciello Law Group, P.C. (Gail M. Blaise, P.C., Garden City, NY, of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Kings WB5, LLC, appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated October 10, 2019. The order, insofar as appealed from, denied the plaintiff's motion to reject a referee's report made after a hearing to determine the validity of service of process on the defendant, and granted that branch of the cross-motion of the defendant Alexander Bueno which was to confirm the referee's report.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to reject the referee's report is granted, that branch of the cross-motion of the defendant Alexander Bueno which was to confirm the referee's report is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
Contrary to the contention of the defendant Alexander Bueno (hereinafter the defendant), nonparty Kings WB5, as the successful bidder at the mortgage foreclosure sale, has an interest in the subject property and, thus, is aggrieved by the order confirming the referee's report finding lack of proper service, and, therefore, has standing to appeal from the order pursuant to CPLR 5511 (see Mixon v TBV, Inc., 76 AD3d 144, 157 n 2 ["In rare instances a person against whom no relief was sought may be aggrieved by the granting of relief to an adversary against a party with whom he or she is united in interest"]; Tymon v Linoki, 23 AD2d 663, 664, mod 16 NY2d 293; cf. Reich v Realty Quest Brokerage Corp., 35 AD3d 425, 426; Prudential Sav. Bank v Panchar Realty Corp., 72 AD2d 792, 793).
The plaintiff commenced this action in 2010 against the defendant, among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant did not answer, and the plaintiff was granted leave to enter a default judgment against the defendant and an order of reference. The Supreme Court granted the plaintiff's unopposed motion for a judgment of foreclosure and sale in April 2016, and granted the plaintiff's motion for resettlement of the judgment of foreclosure and sale in October 2017. The subject property was sold to a nonparty, Kings WB5, LLC (hereinafter the nonparty), at a foreclosure sale in January 2018. In March 2018, the defendant moved, inter alia, to dismiss the action insofar as asserted against him for lack of [*2]personal jurisdiction or for a traverse hearing. The court referred the issue of whether the defendant was validly served with process to a referee to hear and report. After a hearing to determine the validity of service of process, the referee issued a report recommending that the court find that service of process pursuant to CPLR 308(2) was not validly effected on the defendant.
Thereafter, the plaintiff moved to reject the referee's report, and the defendant cross-moved, inter alia, to confirm the referee's report. In an order dated October 10, 2019, the Supreme Court, inter alia, denied the plaintiff's motion to reject the referee's report, and granted that branch of the defendant's cross-motion which was to confirm the referee's report. The nonparty appeals from that portion of the order dated October 10, 2019.
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Bank of Am., N.A. v Genzler, 188 AD3d 634, 635 [internal quotation marks omitted]; see Bank of Am., N.A. v Greenfeld, 203 AD3d 1003, 1003). "As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1017 [internal quotation marks omitted]; see Bank of Am., N.A. v Greenfeld, 203 AD3d at 1003-1004).
Here, the referee's recommendation that service was not validly effected on the defendant pursuant to CPLR 308(2) was not substantially supported by the record. The process server's hearing testimony and the affidavit of service established, prima facie, that the defendant was served with the summons and complaint pursuant to the delivery and mailing requirements set forth in CPLR 308(2) (see Bank of Am., N.A. v Greenfeld, 203 AD3d at 1004; State of New York v Konikov, 182 AD3d 750, 752-753). Where, as here, a process server is barred from entry into a defendant's dwelling, "'the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested'" (Citibank, N.A. v Balsamo, 144 AD3d 964, 965, quoting F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797). As such, the defendant failed to rebut the plaintiff's prima facie showing (see Makmudova v Cohen, 216 AD3d 935, 937; Flanagan v Delaney, 194 AD3d 694).
Accordingly, we reverse the order insofar as appealed from, deny that branch of the defendant's cross-motion which was to confirm the referee's report, grant the plaintiff's motion to reject the referee's report, and remit the matter to the Supreme Court, Kings County, for further proceedings consistent herewith.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court