Bohensky v 1670 42nd St., LLC (2024 NY Slip Op 02682)

Bohensky v 1670 42nd St., LLC

2024 NY Slip Op 02682

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2020-08707
 (Index No. 9585/09)

[*1]Jay Bohensky, etc., respondent,
v
1670 42nd Street, LLC, et al., appellants, et al., defendants.

Abraham Hoschander (Ephrem J. Wertenteil, New York, NY, of counsel), for appellants.
Cox Padmore Skolnik & Shakarchy LLP, New York, NY (Stefan B. Kalina and Elizabeth Tobio of counsel), for respondent.

DECISION & ORDER
In an action to foreclosure a mortgage, the defendants 1670 42nd Street, LLC, and Mayer Goldberger appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 3, 2015. The order, insofar as appealed from, following a hearing to determine the validity of service of process, denied those branches of the motion of the defendant Mayer Goldberger, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated February 26, 2013, entered upon his failure to answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the appeal by the defendant 1670 42nd Street, LLC, is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Mayer Goldberger; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2009, the plaintiff commenced this action against the defendants 1670 42nd Street, LLC (hereinafter the LLC), and Mayer Goldberger, among others, to foreclose a mortgage on certain real property located in Brooklyn. The plaintiff alleged, inter alia, that the LLC executed a consolidated note in the amount of $1,840,000 in favor of the plaintiff secured by the mortgage and that Goldberger, a principal of the LLC, executed a personal guaranty. A judgment of foreclosure and sale dated February 26, 2013, was entered upon the failure of the LLC and Goldberger to answer the complaint. Thereafter, Goldberger moved, among other things, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment and foreclosure of sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated April 8, 2014, the Supreme Court held the motion in abeyance pending a hearing on the issue of the validity of service of process to be conducted by a Special Referee. By order dated August 3, 2015, following the hearing and a report by the Special Referee, the court, inter alia, denied those branches of Goldberger's motion. The LLC and Goldberger appeal.
The appeal by the LLC must be dismissed because that defendant did not seek any relief in the Supreme Court, and it is therefore not aggrieved by the order appealed from (see CPLR [*2]5511).
"At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence" (Godwin v Upper Room Baptist Church, 175 AD3d 1500, 1501). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d 1139, 1142 [internal quotation marks omitted]). "'As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility'" (Deutsche Bank Natl. Trust Co. v Bueno, 222 AD3d 940, 941, quoting U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1017).
Following the hearing, the Special Referee credited the process server's testimony over the testimony of Goldberger, specifically citing the credibility of the testimony. Contrary to Goldberger's contention, the Special Referee's finding that the plaintiff met his burden of proving by a preponderance of the evidence that Goldberger was validly served pursuant to CPLR 308(1) should not be disturbed (see Makmudova v Cohen, 216 AD3d 935). Accordingly, the Supreme Court properly denied those branches of Goldberger's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see Nationstar Mtge., LLC v Dekom, 161 AD3d 995; Citimortgage, Inc. v Stover, 124 AD3d 575).
Goldberger's remaining contentions are without merit.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court