Richmond El. Co., Inc. v Oakfield Group, LLC (2025 NY Slip Op 01658)

Richmond El. Co., Inc. v Oakfield Group, LLC

2025 NY Slip Op 01658

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2020-09591 
2021-05477
 (Index No. 100781/15)

[*1]Richmond Elevator Company, Inc. respondent, 
v
Oakfield Group, LLC, et al., appellants, et al., defendants.

Menicucci Villa Cilmi, PLLC, Staten Island, NY (Geoffrey R. Bowser of counsel), for appellants.
Michael Heitmann, Staten Island, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Oakfield Group, LLC, and Lakeside Manor Homes for Adults, Inc., appeal from (1) a decision of the Supreme Court, Richmond County (Annette M. Scarano, Ct. Atty. Ref.), dated September 28, 2020, and (2) a judgment of the same court entered February 22, 2021. The judgment, upon the decision, made after a nonjury trial, is in favor of the plaintiff and against those defendants in the total sum of $169,365.96.
ORDERED that the appeal from decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2013, the plaintiff entered into a contract with the defendants Oakfield Group, LLC (hereinafter Oakfield), and Lakeside Manor Homes for Adults, Inc. (hereinafter Lakeside and, together with Oakfield, the defendants), an assisted living facility located in Staten Island, for the modernization and maintenance of two passenger elevators at Lakeside. The contract was split into two parts: a modernization contract and a full service elevator maintenance contract. In June 2015, the plaintiff commenced this action, alleging, inter alia, breach of contract and unjust enrichment. The plaintiff thereafter filed an amended complaint in May 2017, alleging an additional cause of action to foreclose on a mechanic's lien. The defendants filed an answer to the amended complaint, alleging several affirmative defenses and counterclaims, including the plaintiffs' breach of the contract.
The Supreme Court referred the action to a Court Attorney Referee to hear and determine all issues in dispute. After a nonjury trial as to the issues of liability and damages, the Court Attorney Referee determined, inter alia, that the plaintiff established its entitlement to equitable relief preventing unjust enrichment and that the plaintiff performed pursuant to the contract, but the defendants breached their contractual obligations and owed the plaintiff the sum of $73,000 for the completion of the second elevator and the sum of $25,150 for the final payment upon [*2]the modernization project's completion. The Court Attorney Referee also determined that the defendants repudiated the full service elevator maintenance portions of the contract and that the plaintiff was entitled to foreclose its mechanic's lien in the principal sum of $109,473.96.
A judgment entered February 22, 2021, was issued in favor of the plaintiff and against the defendants in the total sum of $169,365.96. The defendants appeal.
"'In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses'" (Laundry Mgt.—N. 3rd St., Inc. v BFN Realty Assoc., LLC, 179 AD3d 776, 777 [internal quotation marks omitted], quoting Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 558; see Christiana Trust v Rashid, 228 AD3d 822, 823-824; Bennett v Atomic Prods. Corp., 132 AD3d 928, 930). "'Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations'" (Laundry Mgt.—N. 3rd St., Inc. v BFN Realty Assoc., LLC, 179 AD3d at 777-778 [internal quotation marks omitted], quoting Cohen v Kalfa, 170 AD3d 949, 950).
Here, in light of the evidence presented at trial, and giving the Court Attorney Referee's credibility determinations due deference, we find no basis to disturb the determinations with respect to liability and damages (see Makmudova v Cohen, 216 AD3d 935, 937-938; Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d 1139, 1142; Mangra v Mangra, 170 AD3d 1156, 1158).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court