Modi Realty, Inc. v Sambula-Colon (2025 NY Slip Op 50509(U))

[*1]

Modi Realty, Inc. v Sambula-Colon

2025 NY Slip Op 50509(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2024-882 K C

Modi Realty, Inc., Respondent,
against
Marina Sambula-Colon, Appellant, "XYZ Corp.," "John" "Doe" and "Jane" "Doe," Undertenants. 

The Law Office of Tamara M. Harris (Tamara M. Harris of counsel), for appellant.
Goldberg, Lustig & Steckler, PLLC (Lance Rycraft of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Inga M. O'Neale, J.), dated December 15, 2023. The order denied tenant's motion to dismiss the petition in a holdover summary proceeding.

ORDERED that the order is reversed, without costs, and tenant's motion to dismiss the petition is granted.
In this commercial holdover proceeding, tenant appeals from an order of the Civil Court (Inga M. O'Neale, J.) dated December 15, 2023, which, after a traverse hearing, denied tenant's motion to dismiss the petition for lack of personal jurisdiction, finding that conspicuous-place service of the notice of petition and petition was proper. In tenant's motion papers, she referred to a prior nonpayment proceeding commenced by landlord against her regarding the same premises, and attached an affidavit of service for that proceeding indicating that tenant was personally served with process at the premises on a weekday in 2021 at 4:17 p.m. Tenant alleged that she was not properly served with the notice of petition and petition in the instant proceeding.
At the traverse hearing, the process server testified that he attempted to serve the notice of petition and petition at the commercial premises, a fenced-in lot, on April 27, 2023 at 10:45 a.m. and on May 1, 2023 at 8:22 a.m. On both occasions, the gate to the premises was locked, there was no office on the lot, and the process server could not locate an individual at the premises. He stated that, following his second attempt at service, he affixed the notice of petition and [*2]petition to the gate to the premises, and he submitted evidence that copies of the notice of petition and petition were mailed to tenant at the subject premises by both certified and regular first-class mail. On cross-examination, the process server asserted that he knew he would not be able to locate anybody at the premises no matter when he attempted service since there was no office at the site. Tenant testified that she found the notice of petition and petition on the ground outside the gate to her property. She stated that the gate was locked on both of the occasions that the process server had allegedly attempted service since the business at the site operated between 11:00 a.m. and 5:00 p.m.
"RPAPL 735 (1) permits conspicuous-place service when the petitioner has attempted personal delivery to the respondent or to a person of suitable age and discretion at the premises sought to be recovered and failed, after having made a 'reasonable application,' which requires that there is 'at least a reasonable expectation of success in finding a person on the premises to whom delivery may be made' " (156 Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op 50059[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019], quoting 809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). It is well settled that "at least two attempts at personal service are needed to satisfy the 'reasonable application' standard" of RPAPL 735 (1) (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 2009 NY Slip Op 52121[U], *1-2; see Eight Assoc. v Hynes, 102 AD2d 746, 748 [1984], affd 65 NY2d 739 [1985]).
Even crediting the process server's testimony, his attempts at service of the notice of petition and petition did not satisfy the reasonable application standard, as it was his position that he had no "reasonable expectation of success in finding a person on the premises" (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 2009 NY Slip Op 52121[U], *1 [internal quotation marks omitted]; see Doji Bak, LLC v Alta Plastics, 51 Misc 3d 148[A], 2016 NY Slip Op 50792[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Landlord never made a motion pursuant to CPLR 308 (5) alleging that personal service was impracticable (see City of New York v Clark, 234 AD2d 120 [1996]; 255 Huguenot St. Corp. v Rwechungura, 61 Misc 3d 131[A], 2018 NY Slip Op 51446[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Further, in light of the fact that, in a prior proceeding landlord successfully had tenant personally served at the premises on a weekday in 2021 at 4:17 p.m., and so it cannot be said that attempting to serve process on a weekday afternoon would have been futile. In view of the foregoing, landlord did not establish personal jurisdiction at the traverse hearing by a preponderance of the evidence (see Makmudova v Cohen, 216 AD3d 935, 937 [2023]; Godwin v Upper Room Baptist Church, 175 AD3d 1500, 1501 [2019]; Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009 [2018]; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777 [2017]), and, thus, the petition should have been dismissed. 
Accordingly, the order is reversed and tenant's motion to dismiss the petition is granted.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025