■ LLOYDS BANK, PLC, et al., Respondents, v KAHN LUMBER & MILLWORK Co., INC., et al., Appellants, et al., Defendants. [632 NYS2d 966] —In an action, *inter alia,* to foreclose a mortgage, the defendants, Kahn Lumber & Millwork Co., Inc., Polaris Properties, Inc., GNK Enterprises, Inc., Gerhard Kahn, and Regina Kahn, appeal, (1) as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated January 13, 1993, which, upon granting the plaintiffs' motion to confirm a Referee's report, is in favor of the plaintiffs and against them directing the entry of a judgment on the plaintiffs' tenth cause of action in the principal sum of $22,705,134.85, and directing the sale of certain properties and (2) a judgment of the same court, dated February 24, 1993, which is in favor of the plaintiffs on their tenth cause of action and against them in the principal sum of $22,705,134.85.

Ordered that the appeal from so much of the order and judgment dated January 13, 1993, as directed entry of a judgment on the plaintiffs' tenth cause of action is dismissed; and it is further,

Ordered that the order and judgment dated January 13, 1993, is affirmed insofar as reviewed; and it is further,

Ordered that the judgment dated February 24, 1993 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from so much of the intermediate order and judgment dated January 13, 1993, as directed entry of a judgment on the plaintiffs' tenth cause of action must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated February 24, 1993 *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order and judgment are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

It is well settled that the scope of the Referee's duties are defined by the order of reference *(see,* CPLR 4311). Here, the Referee's report was properly based on his authority pursuant to the court's order to ascertain the amount due to the plaintiffs for the principal, interest, and all other appropriate

charges under the mortgages and the loan guaranty and to determine whether the mortgaged properties could be sold in a single parcel. The court properly confirmed the Referee's report. Moreover, the court properly severed the plaintiffs' cause of action under the loan guaranty (see, CPLR 603) and directed entry of a judgment in their favor in the principal sum of $22,705,134.85 on that cause of action.

We have reviewed the appellants' remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Joy and Friedman, JJ., concur.