■ AL MOYNEE HOLDINGS, LTD., Appellant, v JESSIE DEUTSCH, Respondent, et al., Defendants. [679 NYS2d 400] —In an action, *inter alia,* to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), dated September 3, 1997, which granted the motion of the defendant Jessie Deutsch to confirm the Referee's report and denied its cross motion, *inter alia,* to reject the Referee's report and deny the Referee's request for fees.

Ordered that the order is modified by (1) deleting the provision thereof granting the motion of the defendant Jessie Deutsch to confirm the Referee's report and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying those branches of the plaintiff's cross motion which were to reject the Referee's report and deny the Referee's request for fees and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Kings County, to issue a new order of reference before another Referee for a new computation as to the amount owed to the plaintiff and for a recalculation of the Referee's fee in accordance with the per diem provision of CPLR 8003 (a).

In this action to foreclose a mortgage, the plaintiff mortgagee submitted evidence establishing the terms of the mortgage agreement, including the provision barring oral modifications, as well as the respondent mortgagor's default thereunder (*see, Wasserman v Harriman,* 234 AD2d 596; *FGH Realty Credit Corp. v VRD Realty Corp.,* 231 AD2d 489). The Supreme Court granted the plaintiff's motion for summary judgment upon the respondent's default, and referred the matter to a Referee only

to compute the amount owed to the plaintiff. Since the scope of a Referee's duties are defined by the order of reference (*see,* CPLR 4311; *Lloyds Bank v Kahn Lbr. & Millwork Co.,* 220 AD2d 645), the Referee was without authority to take testimony concerning the respondent's belated claim of an oral modification of the written terms of the note and mortgage.

In addition, in his report, the Referee requested payment for 28.5 hours of work at the rate of $250 per hour. However, where, as here, there is no stipulation by the parties or a specific rate set forth by the court in the order of reference, a Referee's fee must be limited to the statutory per diem fee of $50 (*see,* CPLR 8003 [a]; *Matter of Charles F.,* 242 AD2d 297; *Scher v Apt,* 100 AD2d 582). Accordingly, the matter must be remitted to the Supreme Court to issue a new order of reference before another Referee for a new computation as to the amount owed to the plaintiff and for a recalculation of the Referee's fee in accordance with the per diem provision of CPLR 8003 (a).

The respondent's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.