■ ABHA RIHAL, Appellant, v DIANE E. KIRCHHOFF, Respondent. [715 NYS2d 849] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Shifrin, Ref.), dated September 8, 1999, as, upon an order of the same court (Carter, J.), dated May 16, 1999, referring the issue of whether service of the complaint upon the defendant was properly effected to the Referee to hear and determine, denied the plaintiff's application to extend the time to serve the complaint nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and so much of the order dated September 8, 1999, as denied the plaintiff's application to extend her time to serve the complaint is vacated.

In this personal injury action, the defendant moved to dismiss the complaint for lack of personal jurisdiction. The Supreme Court referred to the Referee the sole issue of whether the service upon the defendant was proper. Since the scope of a Referee's duties are defined by the order of reference (*see,* CPLR 4311; *Al Moynee Holdings v Deutsch,* 254 AD2d 443; *Lloyds Bank v Kahn Lbr. & Millwork Co.,* 220 AD2d 645), the Referee was without authority to determine the plaintiff's application, made at the conclusion of the hearing, for an extension of time to serve the complaint. Accordingly, that portion of the order which denied the plaintiff's application must be vacated. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.