■ FIRST DATA MERCHANT SERVICES CORP., Plaintiff, v ONE SOLUTION CORPORATION, Doing Business as SIMPLY ONE SOLUTION, Doing Business as JOE MOMMA COMPUTERS, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Doing Business as AMERICAN EXPRESS MERCHANT SERVICES, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [789 NYS2d 198]—

In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff One Solution Corporation, doing business as Simply One Solution, doing business as Joe Momma Computers, appeals from a judgment of the Supreme Court, Nassau County (Schellace, R.), entered July 30, 2003, which is in favor of the third-party defendant American Express Travel Related Services Company, Inc., doing business as American Express Merchant Services and against it on the counterclaim of that third-party defendant in the principal sum of $37,138.29.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing and determination before a different referee.

In this action, the order of reference of the Supreme Court,

Nassau County, entered November 7, 2002, authorized the Referee to hear and determine the accounting issues pertaining to the counterclaim of the third-party defendant American Express Travel Related Services Company, Inc., doing business as American Express Merchant Services (hereinafter Amex), for chargebacks pursuant to CPLR 4317 (b). Since the scope of a referee's duties are defined by the order of reference (*see* CPLR 4311; *Rihal v Kirchhoff,* 274 AD2d 567 [2000]; *Al Moynee Holdings v Deutsch,* 254 AD2d 443 [1998]; *Lloyds Bank v Kahn Lbr. & Millwork Co.,* 220 AD2d 645 [1995]), the Referee was without authority to determine the issue of liability between Amex and the defendant third-party plaintiff One Solution Corporation,doing business as Simply One Solution,doing business as Joe Momma Computers. Accordingly, the judgment must be reversed and the issue of an accounting remitted to a different referee for a new hearing and determination.

The appellant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.