■ Tsylya Zaslavskaya, Appellant, v Aleksandr Boyanzhu, Respondent, et al., Defendant. [41 NYS3d 237]—

Appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated February 25, 2016. The order and judgment, insofar as appealed from, declared that the plaintiff had no right of occupancy in certain premises.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the complaint.

The plaintiff commenced this action seeking, among other things, to impose a constructive trust upon the shares of a Mitchell-Lama cooperative apartment. The plaintiff alleged that she had lived in the apartment with the defendant Aleksandr Boyanzhu since 1996. However, the apartment's shares were held in Boyanzhu's name only. The plaintiff commenced this action after Boyanzhu sought to remove her from the apartment in a housing court proceeding.

The Supreme Court issued an order of reference directing a referee to hear and determine the sole issue of "what, if any, contributions [the] plaintiff made in connection with her occupancy at the premises." During the ensuing hearing, the par-

ties consented to the Referee determining the additional question of whether the plaintiff "should . . . be given a declaration that she has occupancy rights in [the apartment] as a cotenant and cannot be evicted by [the defendant]." The Referee then added to the order of reference a notation that the parties had agreed to have him determine the additional question. After the hearing, the Referee issued a decision, dated December 10, 2015, wherein he set forth his findings as to the contributions made by the plaintiff in connection with her occupancy of the apartment and concluded that the sole right to occupy the apartment lay with Boyanzhu. The Referee then issued an order and judgment dated February 25, 2016, which, inter alia, declared that the plaintiff had no right of occupancy in the apartment. The plaintiff appeals from the order and judgment.

"The scope of a referee's duties are defined by the order of reference" (*Furman v Wells Fargo Home Mtge., Inc.*, 105 AD3d 807, 810 [2013]; *see* CPLR 4311; *Rihal v Kirchhoff*, 274 AD2d 567, 567 [2000]; *Lloyds Bank v Kahn Lbr. & Millwork Co.*, 220 AD2d 645, 645 [1995]). "[A] Referee's authority is derived from the order of reference and a Judicial Hearing Officer who attempts to determine matters not referred to him by the order of reference acts beyond and in excess of his jurisdiction" (*McCormack v McCormack*, 174 AD2d 612, 613 [1991]; *see Furman v Wells Fargo Home Mtge., Inc.*, 105 AD3d at 810; *Edwards v Wells*, 97 AD3d 530, 531 [2012]; *Carrero v Dime Contrs.*, 29 AD3d 506, 507 [2006]; *Rihal v Kirchhoff*, 274 AD2d at 567). Here, the parties did not obtain an order of reference referring the additional question to the Referee, either by moving in the Supreme Court for a new order of reference or to amend the original order of reference, or by filing a copy of their stipulation with the clerk of the court and obtaining a supplemental order of reference (*see* CPLR 4317 [a]), or by obtaining an order of reference in some other way. Since they did not obtain an order of reference referring to the Referee the issue of whether the plaintiff was entitled to a declaration that she has occupancy rights in the apartment as a cotenant, the Referee did not have the authority to determine whether the plaintiff was entitled to that declaration (*see Rihal v Kirchhoff*, 274 AD2d at 567).

Accordingly, the Referee erred when he issued an order and judgment declaring that the plaintiff had no right of occupancy in the apartment. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.