Petrychenko v Solovey (2019 NY Slip Op 08431)





Petrychenko v Solovey


2019 NY Slip Op 08431


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2019-01822 
2019-04555
 (Index No. 1028/08)

[*1]Dimitri Petrychenko, appellant,
v
Irene Solovey, respondent.


Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Michael A. Coscia of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Diana J. Szochet, Ct. Atty. Ref.), dated February 8, 2019, and (2) an order of the same Court (Eric I. Prus, J.), dated February 19, 2019. The order dated February 8, 2019, after a hearing, denied that branch of the plaintiff's motion which was for a declaration that the parties' oldest child was emancipated within the meaning of the parties' separation agreement. The order dated February 19, 2019, denied the plaintiff's motion pursuant to CPLR 5015(a)(4) to vacate the order dated February 8, 2019.
ORDERED that the appeal from the order dated February 8, 2019, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated February 19, 2019, is reversed, on the law, without costs or disbursements, the plaintiff's motion pursuant to CPLR 5015(a)(4) to vacate the order dated February 8, 2019, is granted, and the matter is remitted to the Supreme Court, Kings County, for a new determination of that branch of the plaintiff's motion which was for a declaration that the parties' oldest child was emancipated within the meaning of the parties' separation agreement.
The appeal from the order dated February 8, 2019, must be dismissed as academic in light of our determination on the appeal from the order dated February 19, 2019.
The parties are the divorced parents of two children. Pursuant to their separation agreement, which was incorporated but not merged into their judgment of divorce, emancipation of a child was defined, in relevant part, to occur upon "the child attaining the age of 21 years, unless the child shall be pursuing a reasonably continuous course of college education leading to an undergraduate degree as a full-time, day, undergraduate student, at an accredited college or university, in which event emancipation shall not take place until the occurrence of the earlier of (i) such degree is awarded to the child or (ii) the child attains the age of 22 years."
Several weeks before the oldest child's 21st birthday, the plaintiff moved, inter alia, for a declaration that such child was emancipated within the meaning of the parties' separation [*2]agreement. The Supreme Court referred the matter to a Court Attorney Referee (hereinafter the Referee) to hear and determine with respect to the limited issue of "whether the child who is the subject of the motion was, at the time of the making of the application, enrolled as a full time student pursuing a reasonably continuous course of college education" (emphasis added).
After conducting a hearing, the Referee found, in an order dated February 8, 2019, that the plaintiff "has failed to meet his burden of proving that [the subject child] emancipated himself at 21 years of age by failing to engage in a continuous course of college education" (citation, emphasis, and internal quotation marks omitted).
The plaintiff subsequently moved pursuant to CPLR 5015(a)(4) to vacate the Referee's order on the ground that the Referee exceeded the scope of the order of reference. The Supreme Court denied the plaintiff's motion by order dated February 19, 2019.
As a threshold matter, contrary to the defendant's contention, a motion made pursuant to CPLR 5015(a)(4) is an appropriate procedural vehicle to determine whether a referee has exceeded the scope of the issues delineated in the order of reference (see MMAL Corp. v Edrich, 156 AD3d 780, 780-781; Kucherovsky v Excel Med. & Diagnostic, P.C., 93 AD3d 531; see also Alleyne v Grant, 124 AD3d 569, 570).
"A referee derives his or her authority from an order of reference by the court" (Matter of Martinborough v Martinborough, 98 AD3d 511, 512; see CPLR 4317). "[T]he scope of a referee's duties are defined by the order of reference" (First Data Merchant Servs. Corp. v One Solution Corp., 14 AD3d 534, 535). A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction (see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810).
Here, the order of reference expressly required the Referee to make a specific factual determination as of the date of the plaintiff's motion—which was several weeks before the subject child's 21st birthday. Instead, the Referee determined whether the subject child was emancipated, which required making findings as of the date on which the child turned 21 years of age. Thus, the Referee's determination exceeded the limited scope of the order of reference (see Zaslavskaya v Boyanzhu, 144 AD3d 675, 676).
Therefore, the plaintiff's motion pursuant to CPLR 5015(a)(4) to vacate the Referee's order should have been granted, and the matter must be remitted to the Supreme Court, Kings County, for a new determination of that branch of the plaintiff's motion which was for a declaration that the parties' oldest child was emancipated within the meaning of the parties' separation agreement.
In light of our determination, we need not reach the plaintiff's remaining contentions.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court