Brighton Leasing Corp. v Brighton Realty Corp. (2021 NY Slip Op 01384)





Brighton Leasing Corp. v Brighton Realty Corp.


2021 NY Slip Op 01384


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-01785
 (Index No. 519057/18)

[*1]Brighton Leasing Corp., appellant, 
v
Brighton Realty Corp., respondent.


Michael Konopka & Associates, P.C., New York, NY, for appellant.
The Price Firm LLC, New York, NY (Joshua C. Price and Jennifer Milosavljevic of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and related injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 13, 2020. The order granted the defendant's motion to vacate any stays that were in place, for summary judgment on its counterclaims, and to compel the plaintiff's counsel to release to it rent money being held in escrow.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to vacate any stays that were in place, for summary judgment on its counterclaims, and to compel the plaintiff's counsel to release to it rent money being held in escrow, is denied.
In September 2018, the plaintiff commenced this action, inter alia, for declaratory and related injunctive relief, alleging that, pursuant to the parties' lease and lease extension agreements, it had leased from the defendant certain commercial property in Brooklyn through October 31, 2028. The defendant denied that the parties had extended the term of the lease through October 31, 2028, and, in its verified answer, asserted, among other things, a counterclaim for a judgment declaring that the parties' lease expired on September 30, 2018, and has not been extended.
The plaintiff moved pursuant to CPLR 6301 for a preliminary injunction restraining and enjoining the defendant from (1) interfering with its rights to occupy and sublet the premises, (2) contacting the plaintiff's subtenants with respect to the plaintiff, its principals, or their use and occupancy of the premises, and (3) commencing any eviction proceedings or other proceedings against the plaintiff or its subtenants involving their use and occupancy of the premises. Pending the determination of the plaintiff's motion for a preliminary injunction, the Supreme Court granted a temporary restraining order, partially on consent, restraining the defendant from engaging in the previously mentioned acts. On the parties' consent, the court referred the issue of the preliminary injunction to a special referee. The order of reference stated that the special referee was to hear and determine the issue of the preliminary injunction.
In an order dated December 26, 2019, the Special Referee (hereinafter the Referee) stated that she had "conducted a framed issue hearing to determine the authenticity of a purported November 9, 2012 lease extension agreement." Based on her review of the evidence adduced at the [*2]hearing, the Referee determined that the plaintiff "failed to establish by a preponderance of credible evidence that the purported November 9, 2012 lease extension agreement is authentic." The order did not make a determination on the issue of the preliminary injunction.
Following the issuance of the Referee's order, the defendant moved to vacate "all stays presently in place as it has been determined that the Plaintiff is not entitled to injunctive relief," for summary judgment on its counterclaims, to compel the plaintiff's counsel to release to it rent money being held in escrow, and for a hearing on the issue of damages and reasonable attorney's fees, based upon the Referee's determination. The plaintiff opposed the motion, arguing, among other things, that the Referee's order did not make a determination on the issue of the preliminary injunction and that to the extent the order purported to resolve a key factual issue in the action, the Referee exceeded the scope of her authority. The Supreme Court determined that the Referee's order was dispositive of the issues before it, and, in an order dated February 13, 2020, granted the defendant's motion. The plaintiff appeals from the February 13, 2020 order. We reverse.
A referee derives his or her authority from an order of reference by the court (see Petrychenko v Solovey, 177 AD3d 908, 910), and the scope of the authority is defined by the order of reference (see CPLR 4311; Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810; First Data Merchant Servs. Corp. v One Solution Corp., 14 AD3d 534, 535). A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction (see Petrychenko v Solovey, 177 AD3d at 910; Furman v Wells Fargo Home Mtge., Inc., 105 AD3d at 810).
Here, the order of reference directed the Referee to hear and determine the issue of the preliminary injunction. The Referee's order, however, did not render a determination on the issue of the preliminary injunction. Consequently, the Supreme Court erred in granting that branch of the defendant's motion which was to vacate any stays in place on the ground that it had been determined that the plaintiff was not entitled to a preliminary injunction.
The Supreme Court also erred in granting that branch of the defendant's motion which was for summary judgment on its counterclaim for a judgment declaring that the parties' lease expired in September 2018, and has not been extended. To the extent that the court relied upon the Referee's determination that the purported lease extension agreement was not "authentic," the Referee lacked the authority to render that determination as it exceeded the scope of the authority given by the order of reference (see Petrychenko v Solovey, 177 AD3d at 910; Furman v Wells Fargo Home Mtge., Inc., 105 AD3d at 810; McCormack v McCormack, 174 AD2d 612, 613). Since the Referee had no authority to render such a determination, the court should not have relied upon it. Moreover, on a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The Referee's finding that the plaintiff failed to prove the authenticity of the purported lease agreement at a hearing to determine the issue of a preliminary injunction does not establish, as a matter of law, that the purported lease agreement was not validly entered into (see generally CPLR 6301). Accordingly the court should have denied that branch of the defendant's motion which was for summary judgment on the subject counterclaim.
For the same reasons, the Supreme Court should have denied the remaining branches of the defendant's motion.
To the extent that the plaintiff argues that the Supreme Court erred in failing to vacate the Referee's order, the plaintiff did not cross-move for such relief (see generally CPLR 2215).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court