Falanga v Hillabrant (2022 NY Slip Op 05312)

Falanga v Hillabrant

2022 NY Slip Op 05312

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-02983
 (Index No. 102387/11)

[*1]Marie Falanga, appellant, 
v
Benjamin Hillabrant, respondent.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Eva Mastro, Ct. Atty. Ref.), dated January 24, 2020. The order, insofar as appealed from, after a hearing, (1) directed that the defendant be awarded a credit of $126,000, representing one-half of the mortgage payments he made for a period of 96 months, (2) directed that the defendant be awarded a credit of $19,500, representing one-half of the amount he expended for home repairs and maintenance during the period of 96 months, (3) directed that the plaintiff be awarded a credit of only $52,800, representing one-half of the amount the defendant received in rental income from the subject property for the period of 96 months, and (4) denied the plaintiff's application for attorneys' fees.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof directing that the defendant be awarded a credit of $126,000, representing one-half of the mortgage payments he made for a period of 96 months, (2) by deleting the provision thereof directing that the defendant be awarded a credit of $19,500, representing one-half of the amount he expended for home repairs and maintenance during the period of 96 months, and (3) by deleting the provision thereof directing that the plaintiff be awarded a credit of $52,800, representing one-half of the amount the defendant received in rental income from the subject property for the period of 96 months, and substituting therefor a provision directing that the plaintiff be awarded a credit of $105,600, representing the total amount the defendant received in rental income from the subject property for the period of 96 months; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff, Marie Falanga, and the defendant, Benjamin Hillabrant, purchased real property located in Staten Island (hereinafter the subject property) on May 11, 2001, as joint tenants with rights of survivorship. On or about December 14, 2010, the parties entered into an agreement to settle the matter of ownership, which, inter alia, gave the defendant until April 1, 2011, to refinance a mortgage to secure funds to buy out the plaintiff's one-half interest in the subject [*2]property. If the defendant was unable to refinance the mortgage by April 1, 2011, the parties agreed to list the subject property for sale and split the proceeds. The defendant assumed full responsibility for the mortgage payments as of the date of the agreement, and was permitted to use the rental income from the subject property for the mortgage payments as long as he was able to refinance the mortgage by April 1, 2011. If he was not able to refinance, the plaintiff would receive all of the rental income beginning April 1, 2011, until the subject property was sold. The parties were to share equally in the cost of any reasonable extraordinary repairs to the subject property, provided that they consented in writing and in advance. Such consent was not to be unreasonably withheld.
On July 19, 2011, the plaintiff commenced this action by filing a summons and complaint, alleging, among other things, that the defendant had breached the agreement by failing to secure funding to purchase the plaintiff's interest and by failing to list the subject property for sale. The plaintiff moved for leave to enter a default judgment, and a hearing was held to determine the issue of ownership and the ability to sell the subject property. The defendant failed to appear at the hearing.
Following the hearing, the Supreme Court determined that the plaintiff satisfactorily demonstrated that the defendant had breached the terms of the agreement, and that the plaintiff was "entitled to an order compelling [the defendant] to execute all documents and take whatever steps [were] necessary to [ ] place the subject property on the market for sale." The court further determined that the plaintiff was entitled to recover from the defendant the costs of an appraisal and the amount of rental income the defendant received from the subject property after April 1, 2011.
The plaintiff subsequently moved, inter alia, to hold the defendant in contempt, contending, among other things, that the defendant had refused to promote the sale of the subject property.
In an order dated June 18, 2019 (hereinafter the order of reference), the matter was referred to a court attorney referee to hear and determine the issues of "valuation of property based on appraisals taking into account eight years that have passed as well as maintenance and rent to compute amounts due each party," and a hearing was held on September 9, 2019. In an order dated January 24, 2020, the Supreme Court determined that the plaintiff was responsible for one-half of the mortgage payments made by the defendant and one-half of the amount that the defendant had expended on repairs and maintenance for the home for the period of 96 months, and directed that the plaintiff be awarded only one-half of the rental income that the defendant had collected from the subject property for the period of 96 months. The court also denied the plaintiff's application for attorneys' fees as beyond the scope of the order of reference. The plaintiff appeals.
"'[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 670, quoting MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [internal quotation marks omitted]). "A contract is unambiguous if the language it uses has a 'definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (Greenfield v Philles Records, 98 NY2d 562, 569, quoting Breed v Insurance Co. of N. Am., 46 NY2d 351, 355). "'Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations'" (Legum v Russo, 133 AD3d 638, 639, quoting Ellington v EMI Music, Inc., 24 NY3d 239, 244). "Whether or not a contract provision is ambiguous is a question of law to be resolved by a court" (Garcia v America Gen. Life Ins. Co. of N.Y., 264 AD2d 808, 809).
Here, the Supreme Court erred in determining that the plaintiff was responsible for one-half of the mortgage payments that the defendant made during the period of 96 months. The language that the defendant was to "assume[ ] full responsibility" for the mortgage payments as of the date of the agreement was unambiguous, and there was no reasonable basis for a difference in [*3]opinion that the defendant was to pay the mortgage without contribution from the plaintiff going forward. That the defendant allegedly interpreted the term "responsibility" to mean that "he would arrange to pay their joint obligation under the mortgage and note" is unpersuasive, as "parties cannot create ambiguity from whole cloth where none exists, because provisions 'are not ambiguous merely because the parties interpret them differently'" (Baron v New York Mut. Underwriters, 181 AD3d 638, 640, quoting Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352). Accordingly, the defendant is not entitled to a credit for one-half of the mortgage payments he made on the subject property after the parties entered into the agreement.
Likewise, the defendant is not entitled to a credit for one-half of the amount he expended toward repairs and maintenance of the subject property, as the agreement was unambiguous that the parties would only share responsibility for reasonable extraordinary repairs if they were consented to, in advance, in writing. The Supreme Court's determinations that the defendant's repairs to the subject property were reasonable and in good faith has no effect on the analysis, as the defendant admitted that he never consulted the plaintiff regarding the repairs or asked for her consent. While the plaintiff could not have unreasonably withheld her consent if she had been consulted, the defendant lost the ability to recover these expenses when he neglected to involve the plaintiff in the process.
Nor are the provisions of the agreement regarding rental income contradictory or ambiguous. Paragraph 1 of Article II of the agreement assumed that the defendant would refinance the mortgage on the subject property to obtain the necessary funds to purchase the plaintiff's interest in the subject property and, in that instance, paragraph 2 permitted the defendant to use the rental income to pay the existing mortgage until the subject property was transferred into his name alone. However, paragraph 4 provided that the plaintiff would retain the rental income from the subject property if, and only if, the defendant was unable to refinance the mortgage by April 1, 2011. As the defendant was unable to refinance by April 1, 2011, the plaintiff was entitled to "all income realized from the rental" of the subject property after that date.
"A referee derives his or her authority from an order of reference by the court, and the scope of the authority is defined by the order of reference" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d 749, 750-751 [citations omitted]). "A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction" (Petrychenko v Solovey, 177 AD3d 908, 910). Here, the Supreme Court did not err in declining to award the plaintiff attorneys' fees, as the application was beyond the referee's jurisdiction.
The plaintiff's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court