Wachovia Mtge., FSB v Galiani (2023 NY Slip Op 04428)

Wachovia Mtge., FSB v Galiani

2023 NY Slip Op 04428

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-08084 
2020-08085
 (Index No. 16031/09)

[*1]Wachovia Mortgage, FSB, etc., respondent,
v
Josh Galiani, etc., appellant, et al., defendant.

Clair Gjertsen & Weathers, PLLC, White Plains, NY (Mary Aufrecht of counsel), for appellant.
Woods Oviatt Gilman, LLP (Reed Smith, LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Josh Galiani appeals from (1) an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated March 9, 2020, and (2) a judgment of foreclosure and sale of the same court, also dated March 9, 2020. The order, insofar as appealed from, upon an order of the same court dated October 31, 2019, after a hearing to determine the validity of service of process, denying that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against the defendant Josh Galiani for lack of personal jurisdiction, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and again denied that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against the defendant Josh Galiani for lack of personal jurisdiction. The judgment of foreclosure and sale, upon, among other things, the order dated March 9, 2020, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated March 9, 2020, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against the defendant Josh Galiani for lack of personal jurisdiction is granted, and the orders dated [*2]October 31, 2019, and March 9, 2020, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Josh Galiani.
The appeal from the order dated March 9, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On July 17, 2009, the plaintiff commenced this action against the defendant Josh Galiani (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Pelham. The defendant failed to answer the complaint. In an order dated March 26, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference and a default judgment, and to amend the caption by substituting "Jane" Galiani for "John Doe #1."
In November 2015, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant and "Kara Galiani, sued herein as 'Jane' Galiani" (hereinafter together the defendants), opposed the motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction based on improper service. In an order dated July 25, 2016, the Supreme Court directed a hearing to determine the validity of service of process upon the defendants.
Thereafter, during proceedings held on February 17, 2017, after the plaintiff's attorney stated that the plaintiff was not ready to proceed with the hearing, a judicial hearing officer (hereinafter the JHO) issued an oral decision directing dismissal of the complaint insofar as asserted against the defendants. In August 2019, the plaintiff moved before the JHO, inter alia, pursuant to CPLR 5015(a)(4) to vacate the February 17, 2017 oral decision. The defendant opposed the motion. On August 28, 2019, the JHO issued an oral decision granting that branch of the plaintiff's motion and vacating the February 17, 2017 oral decision, and rescheduled the hearing to determine the validity of service of process upon the defendants.
In September 2019, the plaintiff moved pursuant to CPLR 2004 and 306-b for an extension of time to serve all defendants in the action and for a subpoena compelling the process server who purportedly served the defendants with process to appear at the hearing. The defendant opposed the motion. In an order dated September 27, 2019, the Supreme Court denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b for an extension of time to serve all defendants in the action, but granted that branch of the motion which was for a subpoena compelling the process server to appear at the hearing.
The hearing to determine the validity of service of process upon the defendants was held on October 31, 2019. At the hearing, the plaintiff submitted into evidence an affidavit of service from a process server named Kevin Zucker in which Zucker alleged that he served the defendant with process on July 23, 2009, by substituted service on "'JANE' GALIANI/RELATIVE," a person of suitable age and discretion. The plaintiff also submitted into evidence a copy of the subpoena directing Zucker to appear at the hearing, affidavits of service alleging that Zucker was served with the subpoena on October 11, 2019, and October 17, 2019, respectively, and an affidavit of mailing alleging that the subpoena had been mailed to Zucker. The defendant objected to the admission into evidence of the affidavits of service of the subpoena on Zucker, and the affidavit of [*3]mailing. However, all of the plaintiff's exhibits were admitted into evidence. After the hearing, in an order dated October 31, 2019, the Supreme Court, among other things, found that the plaintiff effected valid service on the defendant on July 23, 2009, and denied that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction.
In an order dated March 9, 2020, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and again denied that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction. In a judgment of foreclosure and sale, also dated March 9, 2020, the court, among other things, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
"A referee derives his or her authority from an order of reference by the court, and the scope of the authority is defined by the order of reference" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d 749, 750-751 [citation omitted]; see CPLR 4311; Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d 1139, 1141; Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810). "A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d at 751; see Federal Natl. Mtge. Assn. v Greenfeld, 203 AD3d at 1141; Furman v Wells Fargo Home Mtge., Inc., 105 AD3d at 810).
Here, the order of reference dated July 25, 2016, directed a hearing to determine the validity of service of process upon the defendants. Thus, under the terms of the order, the authority of the JHO was limited to determining whether service of process upon the defendants was valid. Therefore, the JHO exceeded his authority under the order of reference in directing dismissal of the complaint insofar as asserted against the defendants on the ground that the plaintiff was not ready to proceed (see Edwards v Wells, 97 AD3d 530, 531; Rihal v Kirchhoff, 274 AD2d 567, 567). Accordingly, the JHO properly granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(4) to vacate the February 17, 2017 oral decision directing dismissal of the complaint insofar as asserted against the defendants on the ground that the JHO lacked jurisdiction to issue the February 17, 2017 oral decision (see Petrychenko v Solovey, 177 AD3d 908, 910; Vapnersh v Tabak, 131 AD3d 472, 474; cf. Alleyne v Grant, 124 AD3d 569, 570; Quinn v Guerra, 26 AD3d 872, 873).
"'At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence'" (Bank of Am., N.A. v Genzler, 188 AD3d 634, 635, quoting Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505; see Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1071; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1437). "'In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses'" (Bank of Am., N.A. v Genzler, 188 AD3d at 635, quoting Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703; see Wells Fargo Bank, NA v Burshstein, 172 AD3d at 1437).
CPLR 4531 provides, in pertinent part, that "[a]n affidavit by a person who served, posted or affixed a notice, showing such service, posting or affixing is prima facie evidence of the service, posting or affixing if the affiant . . . cannot be compelled with due diligence to attend at the trial" (emphasis added).
Here, the plaintiff failed to make the requisite showing that Zucker could not be compelled with due diligence to attend the hearing. Although the plaintiff obtained a subpoena to direct Zucker to appear, it failed to show by admissible evidence that Zucker was served with the subpoena. The process server who completed the affidavits of service and the person who completed the affidavit of mailing were not present to testify, and the plaintiff did not present the testimony of any other person, such as an employee of the process server's employer, who could lay a proper foundation for the admission of the affidavits of service or the affidavit of mailing as business records (see CPLR 4518[a]; Matter of Centennial Ins. Co. v Capehart, 220 AD2d 499, 500). Thus, the affidavits of service and the affidavit of mailing should not have been admitted into evidence (see U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1018). Since the plaintiff failed to satisfy the requirements of CPLR 4531, Zucker's affidavit of service on the defendant was inadmissible (see Williams v St. John's Episcopal Hosp., 173 AD3d 1117, 1119). The Supreme Court's error in relying on hearsay evidence was not harmless since Zucker's affidavit of service on the defendant was the only evidence offered by the plaintiff to establish that the defendant was properly served (see IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 727).
Accordingly, the plaintiff failed to sustain its burden of proving personal jurisdiction over the defendant, and the Supreme Court should have granted that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against the defendant for lack of personal jurisdiction.
The defendant's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court