H.S.B.C. Bank U.S.A., N.A. v Isaacson (2023 NY Slip Op 05594)

H.S.B.C. Bank U.S.A., N.A. v Isaacson

2023 NY Slip Op 05594

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-07249 
2022-01161
 (Index No. 130617/13)

[*1]H.S.B.C. Bank U.S.A., N.A., respondent, 
v
Bernard Isaacson, appellant, et al., defendants.

Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bernard Isaacson appeals from (1) an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated August 30, 2021, and (2) an order of the same court (Orlando Marrazzo, Jr., J.) dated January 25, 2022. The order dated August 30, 2021, insofar as appealed from, granted those branches of the plaintiff's motion which were, in effect, to vacate an order of the same court (Kim Dollard, J.) dated May 17, 2019, inter alia, denying as academic the plaintiff's motion for leave to enter a default judgment against the defendant Bernard Isaacson and for an order of reference upon the finding that the complaint had been dismissed insofar as asserted against that defendant by a referee's report dated May 20, 2016, to reject the referee's report, and pursuant to CPLR 306-b for leave to re-serve that defendant with a supplemental summons and amended complaint. The order dated January 25, 2022, denied that defendant's motion to confirm the referee's report, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order dated August 30, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated January 25, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Initially, contrary to the plaintiff's contention, the issues raised on these appeals could not have been addressed on a prior appeal, and thus, the appeals cannot be dismissed pursuant to Bray v Cox (38 NY2d 350).
On March 2, 2006, the defendant Bernard Isaacson (hereinafter the defendant) executed a note in the amount of $337,500 in favor of nonparty HSBC Mortgage Corporation (USA) (hereinafter HSBC Mortgage). The note was secured by a mortgage on certain real property located in Staten Island.
In June 2013, the plaintiff, HSBC Mortgage's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. On November 6, 2015, [*2]the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated February 11, 2016, the Supreme Court referred the matter to a referee to hear and report following a traverse hearing. In a report dated May 20, 2016, the referee purported to dismiss the complaint insofar as asserted against the defendant upon his finding that the defendant had rebutted the presumption of proper service.
On July 25, 2016, the plaintiff moved pursuant to CPLR 306-b to extend its time to serve the defendant. In an order dated September 23, 2016, the Supreme Court granted the motion upon the defendant's default in opposing it. With leave of court, the plaintiff served the defendant by publication with a supplemental summons and amended complaint. The defendant failed to answer the amended complaint.
On December 21, 2018, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction. The defendant submitted the referee's report in support of his cross-motion. On May 17, 2019, the Supreme Court denied both the motion and the cross-motion as academic, finding that the case had previously been dismissed by the referee's report.
On December 23, 2019, the plaintiff moved, among other things, in effect, to vacate the order dated May 17, 2019, to reject the referee's report, and pursuant to CPLR 306-b for leave to re-serve the defendant with the supplemental summons and amended complaint. In an order dated August 30, 2021, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.
On November 30, 2021, the defendant moved to confirm the referee's report, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated January 25, 2022, the Supreme Court denied the defendant's motion. The defendant appeals from the orders dated August 30, 2021, and January 25, 2022.
The Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, to vacate the order dated May 17, 2019, and to reject the referee's report, and properly denied the defendant's subsequent motion to confirm the referee's report, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against him for lack of personal jurisdiction. "A referee derives his or her authority from an order of reference by the court, and the scope of the authority is defined by the order of reference" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d 749, 750-751 [citation omitted]; see CPLR 4311; Falanga v Hillabrant, 208 AD3d 1308, 1312). "A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction" (Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d at 751; see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810).
Here, the Supreme Court properly determined that the referee had exceeded his authority by purporting to dismiss the complaint insofar as asserted against the defendant. Since the referee had no authority to do so, the court properly rejected his report in its entirety (see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d at 810).
The Supreme Court also providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to re-serve the defendant with the supplemental summons and amended complaint. Initially, contrary to the defendant's contention, that branch of the plaintiff's motion was timely (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 64; Cooke-Garrett v Hoque, 109 AD3d 457, 457). Moreover, under the circumstances of this case, the court properly determined that the extension of time was warranted in the interest of justice (see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; State of New York Mtge. Agency v Braun, 182 AD3d at 67-68).
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court