Reels v Emezu (2025 NY Slip Op 07424)

Reels v Emezu

2025 NY Slip Op 07424

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-05989
 (Index No. 515471/19)

[*1]Antoine Reels, respondent,
vAnthony Emezu, etc., appellant.

Yassi Law P.C., New York, NY (Reza Yassi of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 5, 2022. The order granted those branches of the plaintiff's motion which were to vacate an order of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated September 23, 2021, awarding the plaintiff the principal sum of $2,300, plus interest, on the cause of action to recover damages for breach of contract on a personal loan and, in effect, directing dismissal of the remaining causes of action, and for a new inquest on the issue of damages, and denied the defendant's cross-motion for leave to enter a judgment on the referee's order.
ORDERED that the order dated July 5, 2022, is affirmed, without costs or disbursements.
In July 2019, the plaintiff, Antoine Reels, commenced this action against the defendant, Anthony Emezu, inter alia, to recover damages for breach of contract and fraud. The plaintiff alleged that he gave the defendant the total sum of $45,800 over the course of several years to develop and produce a line of cellphone cases, which the defendant allegedly failed to develop. Additionally, the plaintiff alleged that the defendant failed to pay the plaintiff the outstanding balance of a $5,000 personal loan. Although the defendant personally appeared before the Supreme Court, he failed to interpose an answer. The plaintiff moved for leave to enter a default judgment, which the court granted in an order dated December 19, 2019. The defendant moved to vacate his default, and in an order dated February 27, 2020, the court denied that motion.
The Supreme Court then appointed a referee to hear and determine the issue of an "[i]nquest on damages against [the defendant] as directed by the 12/19/2019 Default Judgment Order and the 2/27/2020 Order." After an inquest, in an order dated September 23, 2021, the referee awarded the plaintiff the principal sum of $2,300, plus interest, representing the outstanding balance of the personal loan, and, in effect, directed dismissal of the causes of action that were premised on the defendant's alleged failure to develop and produce the line of cellphone cases.
In November 2021, the plaintiff moved to vacate the referee's order and for an award in the sum of $47,300 or, in the alternative, a new inquest on the issue of damages. The defendant opposed the plaintiff's motion and cross-moved for leave to enter a judgment on the referee's order. In an order dated July 5, 2022, the Supreme Court granted those branches of the plaintiff's motion which were to vacate the referee's order and for a new inquest on the issue of damages and denied the defendant's cross-motion. The defendant appeals.
"'A referee derives his or her authority from an order of reference by the court, and the scope of the authority is defined by the order of reference'" (Falanga v Hillabrant, 208 AD3d 1308, 1312, quoting Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d 749, 750-751; see CPLR 4311; Zaslavskaya v Boyanzhu, 144 AD3d 675, 676). "'A referee who attempts to determine matters not referred to him or her by the order of reference acts beyond and in excess of his or her jurisdiction'" (Falanga v Hillabrant, 208 AD3d at 1312, quoting Petrychenko v Solovey, 177 AD3d 908, 910; see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 810).
Here, the order of reference directed the referee to hear and determine an "[i]nquest on damages against [the defendant] as directed by the 12/19/2019 Default Judgment Order and the 2/27/2020 Order." At the inquest on the issue of damages, the referee considered, inter alia, certain investment agreements and prototypes of cellphone cases and, therefore, impermissibly considered "evidence tending to defeat the plaintiff's cause of action" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). Moreover, by, in effect, directing dismissal of certain causes of action because they were not "viable," the referee exceeded the limited scope of her authority as defined by the order of reference (see CPLR 4311; Brighton Leasing Corp. v Brighton Realty Corp., 192 AD3d at 750-751; Zaslavskaya v Boyanzhu, 144 AD3d at 676). The Supreme Court had necessarily determined that the causes of action were viable in the prior order granting the plaintiff's motion for leave to enter a default judgment (see CPLR 3215[f]), from which the defendant did not appeal.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to vacate the referee's order and for a new inquest on the issue of damages and denied the defendant's cross-motion for leave to enter a judgment on the referee's order.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court