Kerin v Iammatteo (2026 NY Slip Op 00362)

Kerin v Iammatteo

2026 NY Slip Op 00362

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11642
 (Index No. 609027/22)

[*1]Eileen Kerin, etc., respondent, 
vRichard Iammatteo, et al., defendants, Darren M. Buono, appellant.

Barker Patterson Nichols, LLP, Valhalla, NY (Adonaid C. Medina of counsel), for appellant.
Godosky & Gentile, P.C., New York, NY (Robert E. Godosky of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Darren M. Buono appeals from stated portions of an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered August 16, 2023. The order, among other things, granted the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Darren M. Buono.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2020, the plaintiff's decedent died after allegedly receiving negligent medical care by the defendant Darren M. Buono (hereinafter the defendant), and other medical professionals. On July 11, 2022, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendant, among others. On July 18, 2022, the defendant allegedly was served with process but he failed to answer the complaint or otherwise appear in the action. Subsequently, the plaintiff moved for leave to enter a default judgment against the defendant, and the defendant cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. In May 2023, the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. In an order entered August 16, 2023, the Supreme Court, inter alia, granted the plaintiff's cross-motion. The defendant appeals.
The Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiff's cross-motion pursuant to CPLR 306-b to extend time to serve the summons and complaint upon the defendant (see Bhatara v Kolaj, 222 AD3d 926, 930; H.S.B.C. Bank U.S.A., N.A. v Isaacson, 221 AD3d 668, 671). CPLR 306-b provides that service of the summons and complaint "shall be made within one hundred twenty days after the commencement of the action or proceeding." "'Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice'" (Hall v L & A Operational, LLC, 228 AD3d 846, 846-847, quoting Bhatara v Kolaj, 222 AD3d at 930). "The interest of justice standard does not require reasonably diligent efforts at service, but [*2]courts, in making their determinations, may consider the presence or absence of diligence, along with other factors" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 32). The court may consider the "'expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant'" (Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1072, quoting Leader v Maroney, 97 NY2d 95, 105-106).
Here, under the circumstances of this case, the plaintiff demonstrated that the action was timely commenced, that service was timely attempted, and that it was believed by the plaintiff to have been made within 120 days after the commencement of the action (see U.S. Bank N.A. v Bindra, 217 AD3d 719, 720). Further, the length of delay was not particularly egregious and the plaintiff established "that there was no demonstrable prejudice to the defendant as a consequence of the delay in service" (Hall v L & A Operational, LLC, 228 AD3d at 847; see Bhatara v Kolaj, 222 AD3d at 931).
Accordingly, the Supreme Court providently exercised its discretion in granting, in the interest of justice, the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court